ADAMS & WESTLAKE CO. v. LUDIG MANUF'G CO. (Circuit Court, E. D. Pennsylvania. November 23, 1896.) Francis T. Chambers and James H. Raymond, for complainant. M. J. O'Callaghan, for defendant.

DALLAS, Circuit Judge. This is a suit in equity for infringement of patent No. 481,261, dated August 23, 1892, for "latch and lock combined." The claims alleged to have been infringed are as follows: "(1) The combination, in a door-latch, of plates adapted to be secured to the opposite sides of the door, hollow spindles journaled in each of said plates, and provided with lugs on their inner ends, and with knobs secured to their outer ends, whereby they are secured in said plates independent of each other, a square spindle connecting said hollow spindles, and latch-operating devices connected to said spindles, substantially as described." "(3) The combination, in a door-latch having the operating mechanism and the latch proper in separate cases, of a latch-rod connecting the latch and operating mechanism, and having a head, C, to which it is adjustably connected by a screw, a yoke adapted to receive the inner end of the latch-rod, and a fastening connecting said latch-rod and yoke, which prevents the turning of said rod, substantially as and for the purpose specified." The cause having been regularly set down, came on for final hearing upon November 9, 1896. It was then heard upon oral argument by the counsel for complainant, who also submitted a printed brief. The plaintiff's prima facie proofs had been duly taken and closed. No evidence had been adduced on behalf of the defendants, and the time allowed them for that purpose had expired. Neither they nor counsel

on their behalf were present at the hearing. I have considered the case, therefore, at some disadvantage, but of necessity, as the plaintiff is entitled to have it decided; and I have reached the conclusion that the usual decree in its favor should be entered. Such decree may be prepared and submitted, but must recite, in substance, that the cause had been heard only upon the argument of plaintiff's counsel, and without any evidence having been offered or arguments presented on behalf of the defendants. Decree accordingly.